**FILED**
AUG 27 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br> Pedro Leonides GUZMAN-Rosas  )<br>  )<br>   Defendants.  )<br>  ) | Magistrate Case No.: 08-16028M-01-SD<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C. § 1324(a)(1)(A)(ii)<br>Illegal Transportation of<br>Illegal Aliens (Felony)<br><br>"AMENDED" |

The undersigned complainant being duly sworn states:

On or about August 15, 2008, within the Southern District of California, defendant Pedro Leonides GUZMAN-Rosas, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, Joel FLORES-Chamarro, Noel ASTORGA-Mendosa and Juan Antonio MACIAS-Gallo, had come to, entered and remained in the United States in violation of law, did transport and move, and attempt to transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

_____
Senior Border Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 27TH DAY OF AUGUST 2008.

_____
PETER C. LEWIS
U. S. Magistrate Judge

1  UNITED STATES OF AMERICA
2        v.
   Pedro Leonides GUZMAN-Rosas
3                    STATEMENT OF FACTS
4      Complaint and Statement of Facts is being amended to remove the
5  names of Alberto DIAZ-Gomez, Fernando DIAZ-Gomez, and Pablo DIAZ-Gomez
6  which are named as Material Witnesses.  These individuals are not
7  being held as Material Witnesses.  Correct individuals being held as
8  Material Witnesses are Joel FLORES-Chamorro, Noel ASTORGA-Mendosa and
9  Juan Antonio MACIAS-Gallo.
10     At approximately 10:50 p.m., a green Mercury Cougar bearing
11 license plate CA/3LET198 approached the primary inspection lane.  The
12 vehicle had one visible occupant, later identified as Mayra Alejandra
13 ZEPEDA (DOB: 07/26/1985).  I, Agent Rios, was working as the primary
14 agent.  When the vehicle approached, I identified myself as a United
15 States Border Patrol Agent and informed ZEPEDA that she was at an
16 immigration checkpoint.  I asked ZEPEDA what country she was a citizen
17 of.  ZEPEDA paused and then stated that she was a United States
18 Citizen.  After stating that she was a United States Citizen her car
19 started moving forward as if she was rushing my immigration interview
20 and was in a hurry to get going.  I asked ZEPEDA where she was coming
21 from and she stated that she was coming from somewhere over there
22 called Wally.  I then asked ZEPEDA where she was heading and she
23 stated "L.A".  I then asked ZEPEDA if this was her car that she was
24 traveling in and she stated "no".  When I questioned ZEPEDA as to
25 whose car she was driving she claimed that it was here friend, but she
26 could not tell me who her friend was or if it was registered in her
27 name.  Due to the facts listed above I decided to send ZEPEDA to
28 secondary inspection for further questioning.

Once at the secondary inspection, K-9 Agent Araujo asked for consent to run his dog around the vehicle, ZEPEDA granted consent. I asked ZEPEDA to step out of the vehicle so I could continue my immigration interview. Agent Araujo advised me that the K-9 alerted to the vehicle in the secondary inspection. Agent Araujo asked ZEPEDA for consent to search the vehicle and consent was granted. As the search of the vehicle was being conducted another vehicle approached the check point at approximately 11:00pm. Agent Guerrero was the primary agent and advised that he had a vehicle with seven illegal immigrants (See attached G166 for encounter details). Given ZEPEDA's inconsistencies and behavior I asked ZEPEDA if she knew the driver of the vehicle that was transporting the illegal immigrants and ZEPEDA stated that it was her friend. At that time ZEPEDA was taken into custody for further questioning as to her involvement with the smuggling of illegal aliens.

A search of the ZEPEDA's vehicle yielded several connections to the vehicle that was transporting the illegal aliens. ZEPEDA had a note book that contained the phone number of RUIZ the driver that was transporting the illegal aliens. The vehicle also contained a map of the area that had their route of travel marked out as well as markings were Border Patrol Checkpoints are located. The vehicle also contained commercial size cases of juice boxes identical to the boxes of juice found in the jeep.

A field interview with ZEPEDA revealed the following: ZEPEDA stated that she knew her friend RUIZ was an alien smuggler and had successfully passed through immigration checkpoints with illegal aliens, but ZEPPEDA claims she did not know that she was transporting illegal aliens. ZEPPEDA claims that she had an argument with RUIZ and left her in Brawley, California. She claims she was on her way home

and did not know anything concerning the smuggling of illegal aliens. ZEPEDA was transported to the Blythe Border Patrol Station for processing as a co- principle to alien smuggling.

Once at the Blythe Border Patrol Station ZEPEDA was informed of her rights as per service form I-214 at 2:20 am by Agent Kraus and witnessed by Agent Rios. ZEPEDA waived her rights at 2:20 am.

An interview with ZEPEDA at the Blythe Border Patrol Station revealed the following:

ZEPEDA claims to have driven her friends RUIZ and Pedro GUZMAN-Rosas (DOB: 10/01/1987) from Los Angeles, California to Brawley, California. GUZMAN was the passenger of the red jeep that was transporting the illegal aliens. ZEPEDA claims she knew that RUIZ was an alien smuggler and that she had successfully smuggled illegal aliens on several occasions. ZEPEDA claims that RUIZ told her that she needed someone to drive her to Brawley, California because her friend GUZMAN who was an illegal alien was going to return home and she was also going to pick up another vehicle and drive it to Los Angeles, California. ZEPEDA claims that RUIZ loaned her a car and told her she would reimburse her for the gas money she would spend on there trip. ZEPEDA claims that they left Los Angeles, California at approximately 12:00 am on 08/15/2008. ZEPEDA claims that RUIZ and GUZMAN left thier home in Los Angeles, California on Wednesday and returned on Thursday night with no explanation of were they had gone. ZEPEDA claims that she believes that RUIZ and GUZMAN crossed the illegal aliens and were going back to pick them up, but RUIZ told her that she just needed some one to drive her car home. ZEPEDA claims that upon arriving in Brawley, California she told RUIZ that she did not want to be involved in any of her business and wanted to return home. ZEPEDA claims that RUIZ directed her to stop at a gas station

and leave RUIZ and GUZMAN there. ZEPEDA claims that she was bothered that RUIZ had left her there alone and started to drive home with out RUIZ. ZEPEDA claims to have not seen RUIZ for the remainder of the night. ZEPEDA claims that RUIZ called her before arriving at the 1151 checkpoint to see if agents were inspecting cars, ZEPEDA informed RUIZ that she had not made it to the checkpoint yet. ZEPEDA claims that this was the last contact she had with RUIZ and was unaware that RUIZ was transporting illegal aliens.

MATERIAL WITNESSES:

| Name | Country of Birth |
|---|---|
| Joel FLORES-Chamarro | Mexico |
| Noel ASTORGA-Mendosa | Mexico |
| Juan Antonio MACIAS-Gallo | Mexico |

Further, complainant states that Joel FLORES-Chamarro, Noel ASTORGA-Mendosa and Juan Antonio MACIAS-Gallo are citizens of a country other than the United States; that said alien has admitted that he is deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and that they are material witnesses in relation to his criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.